STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, v. VICTOR F. TERRY, RESPONDENT.

694 N.W.2d 209

Filed April 1, 2005. No. S-04-750.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This matter is before the court on the voluntary surrender of license of respondent, Victor F. Terry, filed in case No. S-04-750.

Respondent was admitted to the practice of law in the State of Nebraska on September 24, 1996. At all times relevant hereto, respondent was engaged in the private practice of law in Omaha, Nebraska.

On March 31, 2004, in case No. S-04-312, this court entered an order temporarily suspending respondent from the practice of law. On June 28, formal charges were filed in this case, S-04-750, by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent. Certain facts giving rise to the temporary suspension in case No. S-04-312 serve as a basis for the formal charges. The formal charges set forth five counts that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) and (4) through (6), and Canon 9, DR 9-102(A)(1) and (2) and DR 9-102(B)(3) and (4), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent's alleged misconduct included failing to maintain his business and personal accounts separate from his attorney trust account; failing to promptly pay funds to clients that such clients were entitled to receive; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and failing to respond to written communications from relator.

On August 13, 2004, respondent filed an answer disputing certain of the allegations contained in the formal charges and raising issues of fact. On November 16, respondent filed an amended answer, which again disputed certain of the allegations in the formal charges and raised issues of fact.

A referee was appointed, and an evidentiary hearing was held on the formal charges. On January 5, 2005, the referee filed his report. In his report, the referee found that respondent engaged in conduct violating DR 1-102(A)(1) and (4) through (6); DR 9-102(A)(1) and (2); DR 9-102(B)(3) and (4); and his oath of office as an attorney. The referee recommended that as a result of respondent's conduct, respondent should be disbarred from the practice of law. On January 18, respondent filed an exception to the referee's recommended sanction.

## FACTS

On February 22, 2005, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license

to practice law in the State of Nebraska. In his voluntary surrender of license, respondent in effect stated that he knowingly did not challenge or contest the truth of the allegations in the formal charges that he violated DR 1-102(A)(1) and (4) through (6); DR 9-102(A)(1) and (2); DR 9-102(B)(3) and (4); and his oath of office as an attorney. In addition to surrendering his license, respondent in effect voluntarily consented to the entry of an order of disbarment and waived all proceedings against him in connection with the entry of an order of disbarment.

On February 22, 2005, relator filed a motion for judgment and, pursuant to Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001), sought an order awarding it costs and expenses, in the amount of $794.31, incurred in the prosecution of this case.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law, admitted in writing that he knowingly does not challenge or contest the truth of the formal charges, and waived all proceedings against him in connection therewith. In particular, we find that respondent has not challenged or contested the truth of the allegations that he engaged in conduct that violated DR 1-102(A)(1) and (4) through (6); DR 9-102(A)(1) and (2); DR 9-102(B)(3) and (4); and his oath of office as an attorney and that respondent has consented to the entry of an order of disbarment.

We further find that relator's motion seeking judgment and an award of costs and expenses should be, and hereby is, granted.

622

## · CONCLUSION

Upon due consideration of the pleadings in this matter, the court finds that respondent knowingly does not now challenge or contest ·the truth of the allegations that he engaged in conduct that violated DR 1-102(A)(1) and (4) through (6); DR 9-102(A)(1) and (2); DR 9-102(B)(3) and (4); and his oath of office as an· attorney and that his waiver was knowingly made. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby enters judgment and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. ·Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court.

Respondent is directed to pay relator's costs and expenses in the amount of $794.31 in accordance with §§ 7-114 and 7-115 and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) within 60 days from the date of this opinion.

JUDGMENT OF DISBARMENT.